I would therefore hold that the duty of financial disclosure imposed by the Legislature as an incident of assuming and retaining positions of public trust in this Commonwealth apply to *all* "public employees" and "officials," including lawyers.

NIX, J., joins in this dissenting opinion.

436 A.2d 192

**COMMONWEALTH of Pennsylvania,**

v.

**William MURPHY, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 14, 1981.

Decided Nov. 5, 1981.

Louis M. Tarasi, Jr., Martin F. P. Vinci, III, Tarasi & Tighe, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Deputy Dist. Atty., Dara A. DeCourcy, Asst. Dist. Atty., Evan E. Lloyd, Pittsburgh, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, KAUFFMAN, FLAHERTY and WILKINSON, JJ.

disclosure requirements. It is manifest, however, that appellee's duties as solicitor for a township, borough, county coroner, and industrial development authority, for which he receives a salary, are far more comprehensive than those of an "independent contractor," such as an outside attorney or law firm specially retained for the trial of particular litigation, receiving only a "fee, honorarium or similar compensation" for particular services rendered. 65 Pa.C.S.A. § 402.

140

PER CURIAM.

Judgment of Sentence affirmed.

436 A.2d 583

**KEEBLER COMPANY**

v.

**The BOARD OF REVISION OF TAXES OF PHILADELPHIA**
(George T. Kenney), and The City of Philadelphia, and The
School District of Philadelphia, Appellants.

Supreme Court of Pennsylvania.

Argued April 27, 1981.

Decided July 8, 1981.

